PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JOSÉ SALDAÑA MARTÍNEZ, Defendant and Appellant.

No. 3891. Argued August 8, 1929.—Decided February 13, 1930.

*Felipe Colón Díaz,* for appellant.    *R. A. Gómez,* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

José Saldaña Martínez was convicted of adultery.    The first assignment of error is as follows:

"The District Court of Ponce erred in admitting the declaration of Ramón Guanil, District Chief of the Insular Police, because it was hearsay and contrary to section 7 of the Code of Criminal Procedure."

Section 7 provides:

"No person can be compelled, in a criminal action, to be a witness against himself; nor can a person charged with a public offense be subjected, before conviction to any more restraint than is necessary for his detention to answer the charge."

The Chief of Police took the defendant before the municipal court and there the latter admitted having carnal relations with Cándida Roche.    The theory of the defense in part is that before his declaration was heard he should have been warned that anything he said would be used against him, especially as the municipal judge was present.    The statement of the police chief was that José Saldaña declared voluntarily.

The right to be warned has several times been under discussion in Porto Rico.    In the case of *People* v. *Martínez,* 23

P.R.R. 212, we held that there is nothing in our Penal Code which requires such warning and that in the absence of the statutory necessity for such warning, any voluntary confession of a defendant is admissible against him. And this was furthermore directly approved in *People* v. *Rodríguez,* 28 P.R.R. 464. The general jurisprudence is resumed in 16 C. J. 723, paragraph 1482, as follows:

"In the absence of a statute requiring caution or warning, the fact that a voluntary confession was made without accused having been cautioned or warned that it might be used against him does not affect its admissibility. Except in some jurisdictions, it is not the duty of a police officer, in the absence of a statute, to caution a prisoner as to the consequences of making a statement, if the statement is voluntary, but merely to refrain from inducing him to make a statement. Undoubtedly, however, the better and safer course for an officer to pursue, when a prisoner is about to make a statement, is to warn him that it may be used against him."

We find the following statement in 8 Cal. Jur. 114, paragraph 204:

"While the law does not ordinarily require that an accused should be affirmatively instructed as to his right to remain silent and of the fact that statements made by him will be used against him the fact that such warning or caution was or was not given, will be taken into consideration in determining whether a confession was voluntary or involuntary. It is always better that such warning be expressly given to avoid all suspicion of improper inducement."

At the trial of this cause the police officer testified positively that the confession was made voluntarily in open court. The utmost that could be alleged is that the presence of the judge might have had an influence upon him, but we find nothing in the jurisprudence that would make the presence of a person in authority the equivalent of a wrongful influence or that would deprive the confession of its voluntary character. Something to the same effect might be gathered from the following statement in 16 C. J. 721, paragraph 1477:

"A confession is admissible if affirmatively shown to have been voluntary, whether made to a private individual or to a person in

authority; although in the latter case the voluntary character should be very stringently examined into, and slighter evidence of threats or inducements may suffice to exclude it."

It may have some slight bearing that the defendant himself took the stand and not only denied that he had made such a confession and that he did not know Cándida Roche, the other defendant, but that the chief of police was not present.

The second assignment of error sets up that the court was without jurisdiction because it was not shown that the offense occurred within the jurisdiction of the District Court of Ponce. Suffice it to say that the testimony reveals various statements which make it evident that the facts complained of happened in Coamo.

The third assignment of error discusses the sufficiency of the evidence. There was no doubt that the defendant was married to a woman other than Cándida Roche. There was some slight evidence other than the statement of the officer to show that the defendant had relations with Cándida Roche, but the confession by itself would suffice. In this connection the appellant says that the testimony of the officer was uncorroborated, and that it should have been re-enforced by the testimony of the municipal judge. The appellant then says that he should have the benefit of the principle that evidence voluntarily suppressed should be considered as favoring the person against whom it might have been offered, citing paragraph 5 of section 102 of the Law of Evidence. The statement of the municipal judge under these circumstances would have been merely cumulative, and, in any event, it was for the court to consider the weight of the evidence of the police officer. In other words, this rule of evidence cited is only a presumption that can always be rebutted by the rest of the evidence.

Again we may say that the defendant took the stand and it may be that judging by the nature of his testimony and that of the police officer, and considering the conflict, the court

was relieved of all doubt by seeing the manner of the defendant.

The judgment will be affirmed.